THE DETROIT FIRE & MARINE INSURANCE CO. v. EMMA ASPINALL ET AL.

*Subrogation to rights in property released from mortgage.*

Money borrowed by an administratrix under an invalid authority from the probate court was applied to the payment of a debt secured by mortgage upon real estate, which was then released.   The mortgage had been assigned to certain persons who, before the loan was made, had bid in the land at an administrator's sale, and held it for the use and benefit of the estate.   The proceedings relating to the loan were in good faith and the estate had the benefit of the money.   *Held,* that so far as it was applied to the satisfaction of the mortgage the lender might be subrogated to the rights which the assignees of the mortgage and purchasers of the land would have had in the land if the mortgage had not been discharged.

Appeal from the Superior Court of Detroit.   Submitted April 11.   Decided April 25.

BILL to revive and foreclose a mortgage.   Bill dismissed.   Complainant appeals.   Reversed.

*Moore, Canfield & Warner* for complainant, cited as to the right of subrogation: *Snelling v. McIntyre* 6 Abb. N.

C. 469; *Barnes v. Mott* 64 N. Y. 397; *Gilbert v. Gilbert* 39 Ia. 657; *Hudgin v. Hudgin* 6 Grat. 320; *Valle v. Fleming* 29 Mo. 152; *Bright v. Boyd* 1 Story 478; *Scott v. Dunn* 1 Dev. & Bat. (Eq.) 425; *French v. DeBow* 38 Mich. 708; see also *Mattison v. Marks* 31 Mich. 421; *Kitchell v. Mudgett* 37 id. 81–86; *Downer v. Fox* 20 Vt. 388; *Payne v. Hathaway* 3 Vt. 212; *Blodgett v. Hitt* 29 Wis. 169; *Winslow et al. v. Crowell* 32 Wis. 639–662; *Mohr v. Tulip* 40 id. 66; *Short v. Porter* 44 Miss. 533; *Seller v. Lingerman* 24 Ind. 264; Freeman on Void Judicial Sales §§ 50, 51; *Martin v. Gale* 20 Eng. 664; a void judicial or statutory sale under foreclosure transfers to the purchaser all the mortgagee's rights in the mortgage: *Gilbert v. Cooley* Walk. Ch. 494; *Brobst v. Brock* 10 Wal. 519; a mortgage is not extinguished if it is equitable to keep it alive for the protection of subsequent interests: *Dutton v. Ives* 5 Mich. 515; *Cooper v. Bigly* 13 Mich. 478; *McCormick v. Irwin* 35 Penn. St. 111.

*Wilkinson, Post & Wilkinson* for defendants. A stranger paying another's debt will not be subrogated to the creditor's rights without an agreement therefor: 1 L. C. in Eq. 113; *Sanford v. McLean* 3 Paige 122; *Banta v. Garmo* 1 Sandf. Ch. 384; *Wilkes v. Harper* 1 Comst. 586; *Bank of U. S. v. Winston's Exr's* 2 Brock. 254; *Douglass v. Fagg* 8 Leigh 602; *Webster & Goldsmith's Appeal* 86 Penn. St. 409; *Wallace's Estate* 59 Penn. St. 401; *Shinn v. Budd* 14 N. J. Eq. 234; *Richmond v Marston* 15 Ind. 134; *Downer v. Miller* 15 Wis. 612; *Unger v. Leiter* 32 Ohio St. 210; *White v. Levy* 5 Eng. (Ark.) 411; *Griffin v. Proctor* 14 Bush 571; *Smith v. Austin* 9 Mich. 465; *Bishop v. O'Conner* 69 Ill. 431.

MARSTON, J. The complainant loaned $4000 to the administratrix of the estate of Philip Aspinall, deceased, and under color of authority from the probate court, obtained a mortgage upon real estate, which, on an attempt to foreclose, was by this court held invalid for certain reasons set forth

in the opinion in *Detroit F. & M. Ins. Co. v. Aspinall* 45 Mich. 332.

In the settlement of the estate of Philip Aspinall, certain claims were allowed against it, and among them one of $3215.17 upon a bond executed by him to Caleb and Albert Ives, and secured by mortgage upon certain Lafferty farm lots.

The money borrowed from the complainant was for the purpose of paying the debts allowed against the estate, and was used so far as necessary in the payment of the Ives mortgage then held by Joseph and James Aspinall. The loan was made by complainant February 25, 1867, and the Ives mortgage discharged of record March 16, 1867. The Lafferty farm lots were sold by the estate and bid in at a nominal sum by James P. Aspinall for the accommodation, use and benefit of the estate, and a part of said lots are still standing in his name.

The complainant now asks to be subrogated to the rights which the holders of the Ives mortgage would have if not discharged, in the Lafferty farm lots still the property of the estate.

The entire good faith of all the parties, in the proceedings in probate court for authority to mortgage the estate of Philip Aspinall, in supposing that such authority had been duly given, in making the loan and executing the mortgage in conformity therewith and in the proper application of the proceeds of such loan in payment of the debts allowed against the estate, including the Ives debt, cannot be doubted. The estate therefore has received the full benefit of the loan made, and in so far as it was applied in payment of a mortgage upon lands belonging to the estate and still held by it, well-settled equitable principles will justify the court in protecting the complainant, to the extent that an assignment of the Ives mortgage if still in full force would do.

The complainant does not stand in the light of a stranger or volunteer paying the debt of another without authority, nor as one merely loaning money to pay off a debt. The complainant's equities do not stand upon any such ground,

but because of the mistake of all parties, who, acting in good faith, and under color of authority, paid an existing obligation against the estate under an agreement that they should have security upon the estate, it is therefore equitable that the property thus saved to the estate should now, in part at least, respond to the claim of the complainant. The authorities cited in the brief of counsel for complainant fully sustain this view.

The decree of the court below will be reversed with costs, and one entered in accordance with this opinion.

The other Justices concurred.