| 53 | 371 |
| 64 | 187 |

WILLIAM A. WARNER, ADM'R FOR MARY WARNER, ET AL. v. HARVEY B. HALL, REUBEN C. SIBLEY AND CAROLINE L. CAMERON.

*Land-patents—Equitable interest—Bona fide purchaser—Notice by attorney Subrogation—Costs.*

1. One who buys from the assignee of a person holding in bad faith gets no better title than his vendor.

2. The bona fide holder of a land office certificate has an equitable interest which is subject to any priorities that may be held by a previous purchaser of the land itself.

3. Those who have no reason to question a patentee's rights may rely on his title as valid.

4. A client is not chargeable with notice of facts known to his lawyer if the latter did not obtain this knowledge while doing business for him.

5. Persons equitably entitled to land on paying a mortgage taken in good faith by another, should be subrogated to the mortgagee's rights against the mortgager.

6. Costs were denied both to and against a joint appellant as to whom the decree was modified, though it was affirmed against the rest.

Appeal from Calhoun. (Hooker, J.) Apl. 9–10.—Apl. 16.

BILL to clear title. Defendants appeal. Decree modified.

*A. M. Culver* and *Austin Blair* for complainants. The purchaser of an equitable title holds subject to equities against the vendor : *Boone v. Chiles* 10 Pet. 200 ; the assignee of a chose in action takes it subject to the same equities as existed against the assignor : *Murray v. Lylburn* 2 Johns. Ch. 442 ; so of non-negotiable instruments : *Judge v. Vogel* 38 Mich. 568 ; the assignee of a land contract takes subject to equities : *Converse v. Blumrich* 14 Mich. 118 ; the agents' knowledge is notice to his principal ; *Hart v. F. & M. Bank* 33 Vt. 252 ; *Abell v. Howe* 11 Am. L. Reg. (N. S.) 144 ; *Fuller v. Benett* 2 Hare 402 ; *Dresser v. Norwood* 10 Jur. 851.

*John C. Patterson* and *William H. Brown* for appellants. The rights of a mortgagee in good faith for valuable consideration should be preserved : *Austin v. Dean* 40 Mich. 386 ; 2 Story's Eq. § 1503 ; *Damouth v. Klock* 29 Mich. 289 ; presumptions favor the legality of patents : *Clark v. Hall* 19 Mich. 356 ; a mortgagee need not look back of the patent under which his mortgager holds : *Connecticut v. Bradish* 14 Mass. 303 ; *Loan & Trust Co. v. Maltby* 8 Paige 361 ; *Heffron v. Flanigan* 37 Mich. 274 ; the record of a school-land certificate is not required, and therefore is no notice : *Burton v. Martz* 38 Mich. 764 ; notice to the attorney may not be notice to the client : *Larzelere v. Starkweather* 38 Mich. 107 ; *Spielmann v. Kliest* 36 N. J. Eq. 199.

CAMPBELL, J. The bill in this case was filed to compel the establishment of the rights of Mary Warner as devisee of Asahel Warner, deceased, to the ownership of a forty acre lot in Calhoun county, described as the southeast quar-

ter of the northwest quarter of section 16, in town 2 south, of range 4 west, which is claimed by Reuben C. Sibley and Caroline L. Cameron, his mortgagee, under a State land-office patent issued to Sibley, in 1874, as assignee of a land-office certificate, numbered 7611, issued to Hall in 1862.

The ground of the claim is that this certificate was issued in lieu of an earlier one, dated in 1853, issued to William and Nathan Darling, for 120 acres. It is shown that the Darlings assigned this forty-acre tract to James D. Williams in January, 1857, but did not deliver him the certificate because it included the other lands, and in January, 1862, Williams assigned to Asahel Warner. In 1861 the certificate itself was assigned to defendant Hall, who is charged to have known of Warner's rights. After Warner's purchase he had the land assessed in his name, and it so continued, and Warner paid the taxes until his death, and his estate has since paid them, except that for 1878 and 1880 Sibley got receipts. In October, 1862, Hall, by using the Darling certificate, was enabled to get out certificate 7611 in his own name in lieu of it. In the beginning of 1868, Warner seems to have discovered that Hall was meditating mischief, and at once notified the land-office not to issue a patent. On the 15th of February, 1868, Warner was notified by the Secretary of State that a patent had been applied for, and that unless legal proceedings were at once begun it would have to be issued. This application was made in Hall's name, to whom a patent was issued, but at once canceled. Warner filed his bill on February 17, 1868, and procured an injunction. A notice of lis pendens was also filed on the same day. On this bill, which was taken as confessed as against Hall, a decree was made in March, 1868, and he subsequently gave a release in due form. But in the meantime it is claimed that, very early in the morning of February 17th, Hall sold and assigned the certificate to Isaac L. Sibley, a brother of defendant, who paid him on the spot ninety-six dollars, and became a purchaser in good faith without notice some hours before the bill was filed.

In the fall of 1868 it is claimed that Isaac L. Sibley sold

this certificate to defendant Reuben Sibley, his brother, in exchange for a small tract of about 19 acres. In 1870 William H. Brown applied for information whether a patent would be issued to defendant, and was informed of a caveat from Warner. Various attempts were made to get out the patent, and finally, in October, 1874, when changes had been made in the land-office, the patent was secured.

In 1879 Mrs. Cameron advanced $250 to defendant Sibley, and took a mortgage on the faith of the patent, and the absence of any subsequent liens.

The court below granted relief against all of the defendants except Hall, as to whom there was a discontinuance as not interested.

There can be no possible doubt of Hall's fraud in the transaction, and unless Isaac Sibley was a bona fide purchaser without notice, then there can be no difficulty as to Reuben Sibley, who bought no better title than his brother, who had no more than an equitable interest, subject to Warner's priorities whatever they may have been.

We think it clear from the testimony that the pretended assignment of February 17 was not really made then, but was contrived subsequently to avoid the effect of the notice of lis pendens. Mr. Pray, the notary who took the acknowledgment, swears positively to that effect, and we see no reason for setting aside his deposition, which shows that the arrangement was made considerably later. Looking at the absurdly small consideration, the surroundings of the parties, and their subsequent attempts to get the advantage of Warner at the State offices, we are so strongly impressed with the actual bad faith of Hall and the Sibleys, in getting this title from the State, that we shall not stop to consider questions of constructive notice.

We find, however, no evidence of bad faith in Mrs. Cameron. There can be no doubt that, under a uniform course of decisions, any person having no reason to question the rights of a patentee may rely upon his title as valid. We do not think that the knowledge which was previously possessed by Mr. Brown, Mrs. Cameron's counsel, can be imputed to her,

as none of it was obtained in doing business for her. Her mortgage must be protected. But complainants, on paying her mortgage, are entitled to be subrogated to her rights against Sibley.

The decree must be affirmed as to all but Mrs. Cameron, and modified so as to protect her rights.

Complainant is entitled to costs against Reuben Sibley. As Mrs. Cameron made a joint appeal, and signed a joint bond with Sibley, we think that as to her no costs should be granted her in this Court or below, but no costs are to go against her in either court.

The other Justices concurred.