LEVANT E. WHITE, ADMINISTRATOR, ETC., v. ADALINE NEWHALL.

|  |
| --- |
| 68 641 |
| 119 368 |

*Subrogation—Loan of money to pay mortgage.*

One loaning money to a mortgagor to pay the mortgage under an agreement from him to secure the repayment of the loan upon the mortgaged premises, which he fails to do, will be subrogated in equity to the rights of the mortgagee to the amount of the money loaned and interest thereon.[1]

Appeal from St. Joseph. (Pealer, J.) Argued January 24 and 25, 1888. Decided March 2, 1888.

Bill filed by an administrator under How. Stat. § 5884.

---

[1] See *Bush v. Wadsworth*, 60 Mich. 255.

Decree below reversed, and bill dismissed, but without prejudice, etc. The facts are stated in the opinion.

*H. P. Stewart (J. W. Flanders* and *John B. Shipman,* of counsel), for complainant.

*A. M. Graham (H. H. Riley,* of counsel), for defendant.

MORSE, J. The bill of complaint in this case is filed under section 5884 of Howell's Statutes, which reads as follows:

"When there shall be a deficiency of assets in the hands of an executor or administrator, and when the deceased shall in his life-time have conveyed any real estate, or any right or interest therein, with the intent to defraud his creditors, or to avoid any right, debt, or duty of any person, or shall have so conveyed such estate that by law the deeds or conveyances are void as against creditors, the executor or administrator may, and it shall be his duty to, commence and prosecute to final judgment any proper action or suit, at law or in chancery, for the recovery of the same, and may recover, for the benefit of the creditors, all such real estate so fraudulently conveyed; and may also, for the benefit of the creditors, sue and recover for all goods, chattels, rights, or credits which may have been so fraudulently conveyed by the deceased in his life-time, whatever may have been the manner of such fraudulent conveyance."

It appears without dispute that Charles E. Newhall was married to the defendant in 1872. They lived together as husband and wife until February 3, 1884, when he died. The widow, on the twenty-first day of April, 1884, was appointed administratrix of his estate. On the twelfth day of March, 1886 she was removed from the trust, and the complainant appointed in her stead.

Before the death of Charles E. Newhall, and in April, 1883, his mother, Mary Newhall, commenced an action at law against him in the circuit court for St. Joseph county. The suit was pending when Charles died. The suit was revived, and Adaline Newhall made defendant as administratrix of his estate. On the twenty-ninth day of January,

1885, judgment in such suit was recovered in favor of Mary Newhall for the sum of $2,452.68 damages, and $54.95 costs, which judgment was duly certified to the probate court of St. Joseph county.

When Charles E. Newhall died he left no appreciable personal estate, and no real estate was held in his name. There. have been no claims proven against his estate, excepting this judgment in favor of his mother.

Soon after the marriage of Charles E. Newhall to the defendant, and in January, 1873, Mary Newhall deeded to the defendant a house and lot in Sturgis at a recited consideration of $4,000. Mary Newhall claims that she deeded in the first place to her son, who afterwards came and wanted a new deed to rectify some mistake in the old one. She executed a new deed, but supposed it ran to Charles; did not know it was executed to his wife. Adaline Newhall denies this, and claims the deed was executed directly to her in the first place. This house and lot, some three or four years thereafter, was sold for $2,900.

The land in controversy in this suit, to wit, the south half of the south-west quarter, and the west half of the south-east quarter, of section 25, township 7 south, of range 9 west, in St. Joseph county, was purchased April 3, 1878, and deeded by the owner, D. Etta K. Bowen, to the defendant. The deed was not recorded until January 30, 1882. A mortgage, however, for $1,600 was given back upon the premises, and recorded April 5, 1878. One thousand dollars was paid for the land at the time the deed was made, said sum of money being obtained by the sale of a piano to Mary Newhall, and the turning out to her by Charles of a mortgage which he owned of about $600. The piano was purchased originally by Charles, but the defendant claims that at the time it was sold to his mother it was her property. Charles E. Newhall, when this land was purchased, had no creditors to interfere with his giving the premises to his wife.

The theory and claim of the bill of complaint is that at the time of the death of Charles he was the equitable owner in fee of the land in controversy; that he contracted the debt for which the judgment was rendered, and borrowed the money, $1,875, for the express purpose of paying the balance of the purchase price, to lift and discharge the mortgage upon the same; that he represented to his mother, Mary Newhall, that he held the title by contract, and that, if she would loan the money to him, he would, as soon as he could procure his deed, execute to her a mortgage upon the premises to secure such money; that his mother, relying upon such statements, on the first day of April, 1879, loaned him the money, stated in the bill to be $2,075, but shown by the proofs to be $1,875; that these statements were false, and made for the purpose of defrauding his mother; that the deed to his wife, and the withholding it from record until 1882, was a part of the fraudulent scheme to deceive and cheat his mother, and that the defendant had knowledge of and participated in the fraud; that the money borrowed was used to pay and release this mortgage, and that thereby the land was cleared free from all incumbrances, and the legal title left standing unincumbered in the defendant; that Charles paid all the consideration that was ever paid upon the purchase of said real estate; that Mary Newhall had no knowledge of the deed being in the name of Adaline Newhall until long after the money to pay the mortgage was borrowed of her; that the defendant has no right or interest in the premises which she is holding and enjoying; that the same is the property of the estate of Charles, and subject to the payment of his debts.

The defendant denies that she ever heard or knew of the alleged statements of Charles to his mother, or that she had any part whatever in any fraud committed upon her.

Upon pleadings and proofs in the case the circuit court for

the county of St. Joseph entered a decree, in substance, as follows:

1. That Mary Newhall is a creditor of Charles' estate to the amount of her said judgment and interest.

2. That the defendant holds the title of record to the premises, but that she holds the same for the benefit of Charles' creditors; and that the same and every part thereof are liable for and chargeable with the payment of Mary Newhall's judgment, and are appropriated for that purpose.

3. Adaline Newhall is enjoined and restrained from setting up, asserting, or claiming any right, title, or claim to said premises, or any part thereof, either in law or equity, as against the said claim of Mary Newhall or the enforcement of the same, or against any purchaser of the same at probate sale, except her dower right as the widow of Charles; and this injunction is made perpetual.

4. Costs are decreed complainant.

It is plain that this decree cannot stand as it is. There is $1,000 in the premises upon which neither Mrs. Newhall nor any other creditor has any claim. The most that Mary Newhall can claim under her own proofs is a lien upon the premises for the payment of the $1,875 loaned Charles, and the interest thereon.

But the question arises, whether under the bill filed in this cause the complainant is entitled to any relief. There is no doubt from the proofs but Mary Newhall loaned Charles E. Newhall $1,875 to pay the mortgage, and that he promised to secure her by a mortgage upon the land. Enough of this money so loaned was used to pay this mortgage as was necessary to pay $1,600 and the accrued interest thereon for about one year. It is also apparent that defendant knew where this money came from, and that the mortgage was paid and discharged by it. Mary Newhall ought in equity to be subrogated to the rights of the mortgagee, and has a lien upon the premises for the amount of the mortgage and interest.

But can this lien be recovered and enforced by the administrator of Charles E. Newhall in this proceeding? The

administrator, the complainant in this cause, has no authority or right to file this bill except in a case covered by the statute. He can go no further than the statute authorizes. It is doubtful if he can reach by this proceeding lands conveyed as these premises were, not by his intestate, but by a third party.

The statute in terms only authorizes him to proceed where the deceased shall have conveyed in his life-time, any real estate, or right or interest therein, with the intent to defraud his creditors, or shall have so conveyed such estate that by law the deeds or conveyances are void as against creditors.

In this case there was no conveyance by the deceased, but the deed of the land sought to be subjected to the payment of his debts by this process, was executed by a stranger to the defendant, and that, too, at a time, when the deceased had no creditors who could complain of such a deed, even if the purchase money was furnished by the deceased and not by the defendant. It certainly does not come within the strict letter of the statute.

But it is not necessary in this case to pass upon this question. We are not satisfied from the proofs that Charles E. Newhall had any intention of defrauding his mother at the time he procured the $1,000; and we are convinced that the defendant was guiltless of any fraud at that time, or had any intent then to afterwards defraud her husband's mother.

The case is therefore one, to make the best of complainant's proofs, where the mother was deceived and defrauded by both the husband and wife to advance money to them to discharge a mortgage by a promise to give her security for her loan upon the land, which promise was never fulfilled, and perhaps not intended to be performed when made. Her rights, therefore, are those of the mortgagee, whose lien she lifted and released. She is subrogated and succeeds to her rights under the mortgage to the amount of the money belonging to her used to discharge the same, and the interest

thereon. But with this claim the administrator of Charles has no concern, nor does the statute authorize him to interfere.

It appears in the proofs that during the life-time of Charles, and on the twenty-sixth day of April, 1881, Mary Newhall filed a bill of complaint in the circuit court for the county of St. Joseph, in chancery, against Charles E. Newhall and Adaline Newhall, his wife, averring substantially the same fraud alleged in the bill in this cause, and the promise, unfulfilled, of a mortgage to secure her loan, and praying, among other things, for a lien upon these same lands to pay her debt. This suit seems to be still pending and undetermined. It seems to us that in this first bill the proper relief was sought by Mary Newhall, and that her remedy lies in that direction.

The bill of complaint in this cause must be dismissed, with costs of both courts, but without prejudice to the rights of Mary Newhall to enforce her equitable lien upon the premises under her bill above mentioned, or in any other proper proceeding.

The other Justices concurred.