GERBER v. UPTON.

|123   605|
|e136   75|
123   605
d138  ³144

1. STATUTE OF FRAUDS — EXECUTED CONTRACT — ALIENATION OF DOWER.

Where a widow, as administratrix, sold land belonging to the estate under a parol agreement with the purchaser that he should pay the full value thereof, and that she should give him a clear title, and she, after surrendering possession, refused to convey her dower interest, relying on the statute of frauds to defeat her agreement, it was properly *held*, in a suit to restrain her from prosecuting an action of ejectment against the purchaser, that the defense was not available, the acts of performance being sufficient to take the case out of the statute.

2. HOMESTEAD—RIGHTS OF MINORS—ABANDONMENT.

The right ·of homestead of minor children in the estate of their deceased father cannot be defeated by act of the mother in abandoning it, or conveying it against their interest.

3. SAME—SUBROGATION.

One who purchased land at an administratrix's sale in ignorance of the fact that the administratrix, notwithstanding her agreement to give a clear title, was unauthorized to convey the homestead interest of minor children, is not entitled to be subrogated, as to the amount of such interest, to the rights of a mortgagee who was paid with money arising from the sale.

Cross-appeals from Newaygo; Edwards, J. Submitted February 2, 1900. Decided April 3, 1900.

Bill by Joseph Gerber against Helen L. Upton for the specific performance of a land contract, and to restrain the prosecution of an action of ejectment. From the decree rendered, both parties appeal. Affirmed.

One Adonijah E. Upton died April 18, 1894, leaving a widow, the defendant, and five children, two of whom were minors. He was possessed of a farm of 95 acres,

incumbered by a mortgage of $2,200. Defendant was appointed administratrix, and was granted leave to sell the 95 acres to pay the mortgage thereon and other debts of the estate. At the administratrix's sale, complainant purchased the land for $3,600, which was a fair price. Out of this money the mortgage was paid, and the balance turned over to her as administratrix. Complainant was immediately given possession, defendant, with her family, removing to, and taking up their residence in, the village of Fremont, upon land belonging to the estate. About a year after the sale, defendant brought an action of ejectment to recover her dower and homestead interests of herself and children in the 95-acre tract. Thereupon complainant filed this bill to enforce the specific performance of a contract and to restrain the action at law. It is claimed by complainant that he agreed with the defendant to pay the full value of this land, and that she was to surrender her right of dower and homestead interests, and to give a deed therefor to him; that it was announced at the sale that the purchaser would obtain a clear title to the land; and that he purchased upon that understanding and agreement. Defendant refused to convey her interest. The case was heard upon pleadings and proofs, and decree entered for the complainant restraining the prosecution of the suit at law as to defendant's dower, but sustaining the homestead right of the children.

*A. F. Tibbitts* and *Martin Rozema*, for complainant.

*M. A. Boynton* (*C. W. Sessions*, of counsel), for defendant.

GRANT, J. (*after stating the facts*). 1. We conclude from the evidence, as undoubtedly did the circuit judge, that it was understood and agreed that complainant was to receive a clear title, and that defendant should convey her interests to him. He fully performed the agreement. She and the estate have had the benefit of it. She surrendered possession under the undoubted belief that

she had parted with all her interests in the land. Before the sale, complainant had agreed to bid $3,600, the fair value of the land, which bid was to be based upon the agreement. It was publicly announced that a clear title would be conveyed, which could not be done without the conveyance of defendant's right of dower and homestead interests. The statute of frauds does not apply. This is a case of a parol contract fully executed. The statute of frauds cannot be used as a cloak to cover such transactions. The authorities are numerous in this and other courts.

2. The homestead right of minor children cannot thus be disposed of by the mother. She cannot of her own act either abandon or convey away this homestead right of her children, when it is not for their interest to do so. *Showers* v. *Robinson*, 43 Mich. 502, 513 (5 N. W. 988); *Riggs* v. *Sterling*, 60 Mich. 643, 652 (27 N. W. 705, 1 Am. St. Rep. 554).

3. We do not think that complainant is in position to be subrogated to the rights of the mortgagee. He is presumed to know the law, and therefore to have known at the time that defendant had no right to thus contract away her children's homestead.

Decree affirmed.

The other Justices concurred.