## DAYTON v. STAHL.

1. MORTGAGES—FORECLOSURE SALE—REDEMPTION.

Complainant was the owner of a parcel of land covered by two mortgages. The first mortgage also covered two other parcels. Both mortgages were being foreclosed. Defendant purchased the property at foreclosure sale under an agreement with complainant that if he would bid in her parcel at the sale under the second mortgage, and bid the amount of the first mortgage for the two other parcels, the money advanced by him would be repaid. *Held,* that complainant, in order to compel defendant to convey to her the parcel owned by her before the sale, must pay him not only the amount bid at the sale of her parcel under the second mortgage, but also the amount paid for the two other parcels at the sale under the first mortgage.

2. SAME—SUBROGATION.

> Upon repayment to defendant of the amount paid by him for the two parcels under said agreement at the first-mortgage sale, complainant would be subrogated to the rights acquired by him in said property.

Appeal from Ingham; Wiest, J. Submitted February 4, 1903. (Docket No. 68.) Decided March 5, 1903.

Bill by Sarah M. Dayton against Jacob Stahl to declare a deed to be a mortgage, and to redeem therefrom. From a decree dismissing the bill, complainant appeals. Affirmed.

*Harry E. Hooker*, for complainant.

*E. C. Chapin*, for defendant.

CARPENTER, J. Complainant brings this suit to obtain a decree declaring that a deed held by defendant is a mortgage, and to redeem therefrom. The case made by her bill and testimony may be stated as follows: In 1895 she owned the most northerly one of three terraces situated on the corner of Capitol avenue and Shiawassee street, in the city of Lansing. Her husband, George M. Dayton, owned the most southerly of said three terraces, and one Rolland J. Cleland owned the middle one. There was a first mortgage, securing the payment of about $7,500, covering the three terraces. There was a second mortgage for about $1,325 on each of the three terraces, held by the Lansing State Savings Bank. After the middle and south terraces had been purchased by said Lansing State Savings Bank on proceedings taken to foreclose the second mortgage, and just before a sale was to take place of the north terrace under proceedings to foreclose the second mortgage thereon, and a few days before a sale was to take place under proceedings to foreclose the first mortgage on all of said terraces, a verbal arrangement was made by complainant's husband and attorney, on her behalf, with said defendant, whereby defendant agreed to purchase at the

foreclosure sale of the second mortgage said north terrace, and to take the title therefor in his own name, to hold the same a few days, until the money advanced by him should be repaid. It was agreed at the same time, as a part of the plan, that said defendant should attend the sale on the foreclosure of the first mortgage, which was to take place the next day after the foreclosure sale of the second mortgage on the north terrace, and bid on the south and middle terraces a sufficient amount to satisfy the entire indebtedness secured by said mortgage, with the expectation that the Lansing State Savings Bank would overbid him, take the property, and thereby leave the north terrace charged only with the amount bid at the foreclosure sale under the second mortgage. It was agreed that, if the south and middle terraces should be purchased by said defendant on his bid, he should be repaid the amount he was compelled to advance therefor, in a few days. In accordance with this arrangement, defendant purchased the north terrace at the foreclosure sale of the second mortgage for the sum of $1,325, and took the title in his own name. He attended the foreclosure sale under the first mortgage, and bid for the south and middle terraces $7,400, which was $70 less than the entire amount secured by said mortgage. Said Lansing State Savings Bank did not, however, as expected, overbid him, and he became the purchaser. He subsequently paid the $70 balance remaining unpaid on said first mortgage. Complainant asks, in this suit, a decree compelling defendant to convey to her the north terrace upon the repayment to said defendant of the $1,325 paid by him and the $70 balance, together with interest thereon. The court below dismissed her bill of complaint, and she appeals to this court.

It is unnecessary for us to decide whether the arrangement made on behalf of complainant with defendant created a mortgage, as contended by complainant, or gave to defendant an absolute title, not subject to redemption, as contended by defendant. We are agreed that, if the same constituted a mortgage, this suit cannot be main-

tained.   Under the arrangement upon which complainant relies, and in accordance with that arrangement, defendant invested $8,795 in these three terraces.   Complainant seeks to redeem one of these terraces, which is not shown to be the least valuable of the three, on the payment of $1,395.   She cannot take advantage of the arrangement made with defendant unless she performs the obligations which that arrangement imposed upon her property.   To save her property, as she claims, defendant not only invested $1,395 therein, but he also invested $7,400 in the adjoining property.   It was certainly contemplated that, if the defendant's bid on the foreclosure sale of the south and middle terraces resulted in his purchase, the north terrace would not be redeeded until he was relieved from the obligation thereby resulting.   Whoever seeks to enforce a contract must enforce it according to its terms. She has no right to insist upon the benefit of one part of it, and deny the binding force of the obligations found in another part.

It is said that defendant should abide by the consequences of his purchase of the south and middle terraces, because he blundered in his bid.   By this is meant, as we understand, that he at once bid a high price, instead of starting at a low figure.   This was a matter committed to his discretion, and there is nothing to indicate that the Lansing State Savings Bank would have bid a larger amount had he adopted another course.

It is said that complainant cannot redeem from the purchase of the middle and south terraces, because she has no interest in that property.   That is no answer.   Under the claim she makes of a right to redeem from the purchase of her own property, she has a right to insist upon, and was bound to ask, a subrogation to the rights acquired by defendant in said property.

The decree of the court below must be affirmed.

GRANT and MONTGOMERY, JJ., concurred.   HOOKER, C. J., and MOORE, J., did not sit.