### SPROAL v. LARSEN.

MORTGAGES—PAYMENT—SUBROGATION.

> One who advances money on a mortgage to pay a prior mortgage on the same premises, and afterward learns that the mortgagor has no title because of an ad interim conveyance, will be subrogated to the rights of the prior mortgagee, though the property is a homestead.

Appeal from Mason; McAlvay, J. Submitted October 6, 1904. (Docket No. 27.) Decided November 9, 1904.

Bill by Oliver Sproal against Augusta Larsen and others to be subrogated to the rights of a mortgagee and to foreclose the mortgage. From a decree for complainant, defendants appeal. Affirmed.

*Henry C. Hutton*, for complainant.

*Fitch & Reek*, for defendants.

CARPENTER, J. February 18, 1891, the first-named defendant, Augusta Larsen, whose name was then Augusta Ohse, owning the land in controversy, mortgaged the same to one John W. Gary. Soon thereafter Augusta conveyed the same by warranty deed to her husband, August Ohse. August subsequently died, leaving as his heirs at law his widow, Augusta, and two infant children, Paulina and Herman, defendants in this suit. Afterwards Augusta

married her codefendant Frank Larsen. In May, 1895, defendant Augusta applied to complainant for a loan for the purpose of paying off said mortgage to Gary, and offered to secure said loan by a new mortgage on said premises. There was presented to complainant's attorney an abstract brought down to February 17, 1891, showing title in defendant Augusta. Complainant was led to believe, and did believe, that that title continued in her. He thereupon advanced the money required to pay the money secured by said Gary mortgage, which was accordingly' paid, and he obtained a new mortgage on said property, signed by defendant Augusta and her husband. Having subsequently ascertained that defendant Augusta had no title to the mortgaged property, complainant instituted this suit, asking to be subrogated to the rights of the mortgagee in the Gary mortgage, and that that mortgage be foreclosed for his benefit. From a decree granting complainant relief, defendants appeal to this court.

Justice MONTGOMERY, speaking for this court (see *Palmer* v. *Sharp*, 112 Mich., at page 423), said:

"In numerous cases in this State, parties who have accepted security in good faith upon a loan made for the purpose of discharging existing incumbrances upon the same real estate have, upon its appearing that the security was ineffectual or invalid, been allowed to be subrogated to the rights of prior lienors; there being no person intervening entitled to superior equities. Such was the holding in *Detroit Fire & Marine Ins. Co.* v. *Aspinall*, 48 Mich. 238, and in *Lockwood* v. *Bassett*, 49 Mich. 550; and the same doctrine was recognized in *Kelly* v. *Kelly*, 54 Mich. 48."

This principle and these authorities clearly entitle complainant to relief.

The fact that the property is a homestead does not, as contended by defendants, make the doctrine of subrogation inapplicable. That circumstance did not lessen the rights of the original mortgagee, and therefore it does not affect complainant, who, by subrogation, has acquired those rights.

*Gerber* v. *Upton,* 123 Mich. 605, relied upon by defendants, is clearly inapplicable. There complainant purchased land at an administratrix's sale. Part of the purchase money paid by him was used in discharging a mortgage upon the land. His title was held defective because of the homestead rights of children. He was denied the right of subrogation to the rights of the mortgagee because, as it is to be clearly inferred, he knew the facts, and was presumed to know that the law gave the administratrix no right to sell the children's homestead. In the case at bar, complainant's mistake was not one of law. He did not know the facts. It may also be said that the defendant in *Gerber* v. *Upton* had no right to be subrogated to the rights of the mortgagee, because the property he acquired at the administratrix's sale was primarily liable for the mortgage indebtedness.

The decree of the court below is affirmed, with costs.

The other Justices concurred.