## LESER *v.* SMITH.

SUBROGATION—PARENTS REDEEMING MORTGAGE FOR SON NOT MERE VOLUNTEERS.

Where a son of plaintiffs had exchanged a store building subject to a mortgage for a farm, and afterwards the exchange was set aside by the court below, and, pending appeal to the Supreme Court, said mortgage was foreclosed, and shortly before expiration of the redemption period, on advice of counsel, the son being unable to raise the money, plaintiffs furnished the money to redeem, they were not mere volunteers, but were equitably entitled

On right of one who advances money to another for the purpose of redeeming from a sale under a mortgage to be subrogated to the lien of the mortgage, see note in 23 L. R. A. (N. S.) 190.

to be subrogated to the rights of the mortgagee in said mortgage.

Appeal from Bay; Houghton (Samuel G.), J.   Submitted  June  7,  1922.    (Docket  No.  30.)    Decided July 20, 1922.

Bill by John J. Leser and another against David T. Smith and another for subrogation to the rights of a mortgagee of certain real estate.   From a decree for plaintiffs, defendants appeal.   Affirmed.

*Coumans & Gaffney*, for plaintiffs.

*B. J. Henderson*, for defendants.

WIEST, J.   The plaintiffs are the father and mother of Edward W. Leser who had litigation with the defendants in the instant case, and others over the exchange of his Bay City property for farm lands.   The litigation found its way to this court.   A reference to the opinion in *Leser* v. *Smith*, 212 Mich. 558, will be of much assistance in this case and will shorten the statement of facts herein needed.   Edward W. Leser bought a store building and two lots in Bay City on August 12, 1918, and on the same day gave a purchase money mortgage containing a power of sale upon default in the sum of $3,000 to the sellers, Franz and Ottile Kellerman.   Eight days afterwards Mr. Leser deeded the property to David T. Smith by warranty deed subject to the Kellerman mortgage, and on the same day David T. Smith and Garfield A. Burnside deeded a farm in Arenac county to Edward W. Leser.   The transaction was a trade the details of which are detailed in 212 Mich. 558.   The litigation in that case was pending for a considerable period. What occurred during its pendency is narrated by the chancellor as follows:

"Pending the appeal of said case to the Supreme

Court the mortgage above referred to was foreclosed, and about 30 days before the right of redemption had expired plaintiff in this cause, who is the father of Edward Leser, at the request of his said son, executed a mortgage on his home, and by this and other means he raised sufficient sums of money to redeem said property from said mortgage foreclosure and pay certain expenses and taxes in connection therewith, in all furnishing $3,711.43 and receiving from his son Edward Leser, a mortgage on said property to secure the payment of such moneys furnished by him to redeem said property.

"Defendants' contention in this proceeding is that the moneys so furnished by plaintiffs, John J. Leser and wife, was either a loan by them to their son Edward, or was a voluntary payment by a third person, and in either event would not come within the rules of equity to authorize subrogation.

"On the hearing it was made to appear that the sums of money furnished by plaintiff for which subrogation is asked was all used to pay indebtedness which the defendants would otherwise have been obliged to pay in consequence of the decision of the Supreme Court as to the rights of the parties in and to said property; that the plaintiffs themselves gain no advantage by making such payment; that the money was furnished by them at the request of their son and the attorneys representing their son, in order to save the property from being lost in such foreclosure proceeding; that if the money had not been furnished and used as aforesaid defendants would have either lost the property or would have been compelled to have made the same payments for which this money was used, consequently the defendants have not been injured by this transaction, and could not be."

In the instant case the plaintiffs asked to be subrogated to the rights of Mr. Kellerman, the man who owned and foreclosed the mortgage. The chancellor made a decree in favor of the plaintiffs according to the prayer of the bill of complaint. The case is brought here by appeal.

If the opinion in 212 Mich. 558 is read it will be

noticed that there was a mortgage of $3,000 on the Bay City property and to secure the payment thereof Edward W. Leser gave Mr. Smith a mortgage on the farm property. That mortgage was the Kellerman mortgage which is involved in this litigation.

We quote from the brief of the appellant:

"That the plaintiffs in this case were mere volunteers is evident. They were not interested in the subject-matter of the former suit, they had no interest to protect. True, they are the parents of Edward W. Leser, but that in itself did not give them any more rights or interests in the suit than if they were uncle and aunt, or any other relation. * * *

"We submit that the most that can be claimed is that John J. Leser and Louise Leser made a loan to Edward W. Leser for which they received a note and later a mortgage on defendants' property. The facts in this case are clearly distinguished from *Sproal v. Larsen*, 138 Mich. 142, cited by counsel. In that case there was a mistake of fact, there was none in this case. True, a verdict had been rendered by a jury in a chancery case (which this court said was irregular, *Leser v. Smith*, 212 Mich. at page 562), but no decree had been entered and the plaintiffs in this case were fully conversant with the whole proceedings. There is plenty of authority in Michigan holding that a court of equity will not subrogate a volunteer to the rights of a mortgagee under a mortgage paid by him. *Smith v. Austin*, 9 Mich. 465; *Bush v. Wadsworth*, 60 Mich. 255; *Desot v. Ross*, 95 Mich. 81."

In the instant case the son of the plaintiffs when the money was furnished by the plaintiffs had obtained a decree in his favor in the court below. The plaintiffs were advised by reputable counsel that they could safely furnish the money. The son could not raise the money unless helped to do so. The defendant David T. Smith knew of the Kellerman mortgage and to make sure that it should be paid took from Edward W. Leser a mortgage on the farm that was traded to Mr. Leser. If the Bay City property was

not redeemed from the Kellerman foreclosure the title would be lost to Mr. Leser or to Mr. Smith, depending upon the outcome of the pending litigation. When parents come to the relief of their son under such circumstances as in the case before us we do not think it should be said they are mere volunteers.

In discussing the subject of subrogation in *Stroh* v. *O'Hearn*, 176 Mich. at p. 177, Justice STEERE said:

"Subrogation is an equitable doctrine depending upon no contract or privity, and proper to apply whenever persons other than mere volunteers pay a debt or demand which in equity and good conscience should have been satisfied by another. It is proper in all cases to allow it where injustice would follow its denial, and in allowing it all injustice should be guarded against so far as possible. We need not go afield in other jurisdictions for authority upon this subject; the law is well settled in this State. *Detroit Fire & Marine Ins. Co.* v. *Aspinall*, 48 Mich. 238; *Lockwood* v. *Bassett*, 49 Mich. 546; *Warner* v. *Hall*, 53 Mich. 371; *Kelly* v. *Kelly*, 54 Mich. 30; *White* v. *Newhall*, 68 Mich. 641; *Palmer* v. *Sharp*, 112 Mich. 420; *Dayton* v. *Stahl*, 132 Mich. 360; *Sproal* v. *Larsen*, 138 Mich. 142; *Taylor* v. *Roniger*, 147 Mich. 99."

If we apply what is stated there to the instant case we think the decree should be affirmed.

We have noted what is claimed about the equities of Mr. and Mrs. Wright and about the claim of Mr. Smith against Edward W. Leser for rent and possible creditors, but those equities, if any exist, all arose after the Kellerman mortgage was given and should not interfere with the right of the plaintiffs to be subrogated thereto.

The decree is affirmed, with costs to the appellees.

BIRD and MCDONALD, JJ., concurred with WIEST, J.

FELLOWS, C. J., and CLARK, SHARPE, and STEERE, JJ., concurred in the result.

MOORE, J., did not sit.