### WALKER *v.* BATES.

1. SUBROGATION—SHOULD BE ALLOWED WHERE INJUSTICE WOULD FOLLOW DENIAL.

   It is proper in all cases to allow subrogation where injustice would follow its denial, and in allowing it all injustice should be guarded against so far as possible.

2. SAME—CONVENTIONAL SUBROGATION—NOTICE OF LIEN—MORTGAGES.

   Under the doctrine of conventional subrogation, where property was subject to a mortgage at the time of the filing of *lis pendens* giving notice of plaintiffs' rights therein, there is no injustice in subjecting their rights to a second mortgage to the extent that the proceeds thereof were used in payment of the first mortgage, although it was paid after *lis pendens* was filed, since the amount of the mortgage lien is the same. FEAD, C. J., and POTTER, J., dissenting.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted June 21, 1928. (Docket No. 29, Calendar No. 33,733.) Decided December 4, 1928.

Bill by James Walker and others against Frances U. Bates, B. L. Howes, the Commonwealth-Federal Savings Bank, and others to foreclose an equitable

lien. From the decree rendered, plaintiffs and defendants Howes appeal. Affirmed.

*Lucking, Hanlon, Lucking & Van Auken,* for plaintiffs.

*Prentis, Fitch, Pugh & Carpenter,* for defendants Howes.

*Roy Herald* and *C. E. Gittins,* for defendant Commonwealth-Federal Savings Bank.

POTTER, J. *(dissenting).* Fred Hanna and wife, prior to the happening of the events involved herein, owned the property in question. They mortgaged it to the Highland Park State Bank. Plaintiffs, members of a syndicate dealing in Detroit real estate, December 18, 1919, instituted suit against Henry W. Bates and Frances U. Bates, his wife, claiming Bates had fraudulently purchased with plaintiffs' money and taken, in the name of his wife, the property here involved. An injunction was issued. No notice of *lis pendens* was filed until July 24, 1920. Upon the trial a decree was rendered, April 17, 1922, finding Bates indebted to plaintiffs in the sum of $6,300, and giving them a lien upon the premises. August 14, 1922, this suit was instituted to foreclose the lien established in the prior suit. From the decree entered, plaintiffs and defendants B. L. Howes and Bertha J. Howes appeal.

January 18, 1919, Frances U. Bates, having the record title to the premises, contracted to sell them to Charles P. Derr and wife, and in July, 1919, defendants Howes and wife contracted to acquire the interest of Derr and wife therein. August 5, 1919, Howes and wife went into possession of the premises. December 8, 1919, Howes and wife had paid

$5,100 on the purchase price, leaving $13,400 still due. January 4, 1921, Frances U. Bates mortgaged the premises to the Commonwealth-Federal Savings Bank. The mortgage given by Hanna and wife to the Highland Park State Bank was paid and discharged. January 21, 1921, Frances U. Bates conveyed the premises by warranty deed to defendants Howes and wife.

The Commonwealth-Federal Savings Bank claims it is entitled to be subrogated to the rights of Highland Park State Bank as mortgagee. It took its mortgage and advanced the money thereon with an abstract before it which showed notice of *lis pendens*. If by reason of its carelessness loss occurs, it must be borne by it and cannot be shifted to prior lien holders. *Bloomer* v. *Henderson,* 8 Mich. 395 (77 Am. Dec. 453). It was, prior to accepting its mortgage, a stranger to the parties and to the title to the premises. In accepting its mortgage it was a volunteer not entitled to subrogation. *Smith* v. *Austin,* 9 Mich. 465; *Kitchell* v. *Mudgett,* 37 Mich. 81; *Desot* v. *Ross,* 95 Mich. 81; *Palmer* v. *Sharp,* 112 Mich. 420; *Herpolsheimer* v. *Hansell-Elcock Co.,* 141 Mich. 367; *Stroh* v. *O'Hearn,* 176 Mich. 164; *Parks* v. *Sherman,* 208 Mich. 697; *Dunitz* v. *Woodford Apartments Co.,* 236 Mich. 45; 3 Pomeroy's Equity Jurisprudence (3d Ed.), § 1212; 37 Cyc. p. 471.

A stranger to the title cannot, by payment of the whole or any portion of a mortgage, become subrogated to the rights of the mortgagee. The Commonwealth-Federal Savings Bank was a stranger to the parties and the title, a volunteer, with no interest in or claim against the parties or the premises which it was in equity entitled to have protected. Under such circumstances, it is not entitled to subrogation

to the prejudice of plaintiffs' lien. *Smith* v. *Austin, supra;* 3 Pomeroy's Equity Jurisprudence (3d Ed.), § 1212; 37 Cyc. p. 471.

The Michigan cases granting subrogation involved equitable rights not here involved. *Detroit Fire & Marine Ins. Co.* v. *Aspinall,* 48 Mich. 238; *Lockwood* v. *Bassett,* 49 Mich. 546; *Warner* v. *Hall,* 53 Mich. 371; *White* v. *Newhall,* 68 Mich. 641. Subrogation is granted, if at all, with due regard to the rights of others (*Fraser* v. *Fleming,* 190 Mich. 238), and will be refused where it is inequitable to grant it (*Gerber* v. *Upton,* 123 Mich. 605). The Commonwealth-Federal Savings Bank, which, by its negligence, was misled as to the effect of plaintiffs' notice of *lis pendens* and accepted its mortgage, is not by that fact entitled to priority of lien over plaintiffs. We cannot make a new contract, or equitably assign to it the prior mortgage which was paid and discharged when its mortgage was accepted and recorded.

Defendants Howes claim they are entitled to priority over plaintiffs' lien. The notice of *lis pendens* when filed was notice to the world of plaintiffs' claimed rights. *Heim* v. *Ellis,* 49 Mich. 241; *Lockwood* v. *Noble,* 113 Mich. 418. A purchaser under land contract is protected when and only to the extent he contracted to pay, and actually paid, prior to the filing of notice of *lis pendens. Thomas* v. *Stone,* Walk. Ch. 117; *Dixon* v. *Hill,* 5 Mich. 404; *Warner* v. *Whittaker,* 6 Mich. 133 (72 Am. Dec. 65); *Blanchard* v. *Tyler,* 12 Mich. 339 (86 Am. Dec. 57); *Dickinson* v. *Wright,* 56 Mich. 42; *Carveth* v. *Winegar,* 133 Mich. 34; *Wiles* v. *Shaffer,* 175 Mich. 704. To the extent defendants Howes paid the purchase price prior to the filing of plaintiffs' notice of *lis pendens,* and prior to notice of plaintiffs' suit,

they should be protected; $5,100 was so paid. They also claim $5,000 was paid December 8, 1919. The proof is convincing it was not paid, but Howes joined with Bates to defraud plaintiffs. As a part of the contract of defendants Howes, they assumed and agreed to pay the outstanding mortgage on the premises given to the Highland Park State Bank. They paid $2,954.93 thereon from October 13, 1920, to December 20, 1921. The trial court held they were entitled to subrogation to the rights of the mortgagee to that extent. Such right of subrogation was not asked for in defendants' cross-bill, and, in the absence of any claim or prayer for relief, cannot be granted. *Barras* v. *Youngs,* 185 Mich. 496; *Miller* v. *Casey,* 176 Mich. 221. There is no equitable basis for subrogation. Defendants paid these sums after notice of *lis pendens* was filed and their rights must be held subject to plaintiffs' lien. A purchaser, who pays a mortgage debt on premises pursuant to an agreement to assume and pay the same as a part of the purchase price, extinguishes the lien and cannot by subrogation avail himself of a mortgage lien to the prejudice of a junior lien claimant. 37 Cyc. p. 451; 25 R. C. L. p. 1354.

The decree should be reversed and a decree entered in accordance herewith, with costs to plaintiffs.

FEAD, C. J., concurred with POTTER, J.

SHARPE, J. At the time of the execution of the mortgage to the savings bank on January 4, 1921, it drew its cashier's check for $6,095, payable to the Bank of Detroit, the successor of the Highland Park State Bank, of which $4,095 was used in payment of its mortgage. The discharge was executed on January 5th and recorded the following day. To that extent I think the savings bank should be sub-

rogated to the rights of the State bank. This is what is known in law as "conventional subrogation." This question was so fully considered in the recent case of *French* v. *Grand Beach Co.,* 239 Mich. 575, that I refrain from further discussion and content myself with a brief quotation therefrom:

"It arises from an agreement between the debtor and a third person whereby the latter, in consideration that the security of the creditor and all his rights thereunder be vested in him, agrees to make payment of the debt in order to relieve the debtor from a sacrifice of his property due to an enforced sale thereof. It is wholly independent of any interest in the property which the lender may have to protect. It does not, however, inure to a mere volunteer who has no equities which appeal to the conscience of the court. In speaking of subrogation, it was said in *Stroh* v. *O'Hearn,* 176 Mich. 164:

" 'It is proper in all cases to allow it where injustice would follow its denial, and in allowing it all injustice should be guarded against so far as possible.' "

The first mortgage was upon the property when the notice of *lis pendens* was filed. No injustice results from subjecting plaintiffs' rights thereto. Their interest in the property is charged with the payment of a mortgage lien of the same amount as that which was on it when the *lis pendens* was filed. The trial court very aptly said:

"It is immaterial to the plaintiff and wasn't wronging him any, to just simply change from the Highland Park Bank to the Commonwealth Bank."

See *Smith* v. *Sprague, ante,* p. 577.

The decree is affirmed, with costs to appellees.

NORTH, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred with SHARPE, J.