GLENN *v.* PURCHASE.

MORTGAGES—ASSIGNMENT—INTENT—RETURN OF NOTE.

In suit by widow, second wife of mortgagor, against holder of mortgage to restrain foreclosure of mortgage on premises on which plaintiff had invested $1,500 of her own money in building a home, and which mortgage had been transferred from original mortgagee to one from whom mortgagor borrowed funds with which to pay up note secured thereby, although note was given to mortgagor who executed new note to transferee, parties *held,* to have intended to keep the mortgage in force, the doctrine of subrogation not being pertinent.

SHARPE, POTTER, and CHANDLER, JJ., dissenting as to matter of subrogation.

Appeal from Livingston; Collins (Joseph H.), J. Submitted June 10, 1937. (Docket No. 69, Calendar No. 39,345.) Decided October 4, 1937.

Bill by Louise C. Glenn, individually and as administratrix of the estate of Clarence E. Glenn, deceased, against Edwin Kenneth Purchase and Marie C. Purchase to restrain foreclosure of a mortgage. Bill dismissed. Plaintiff appeals. Affirmed.

*Dwyer & Dwyer,* for plaintiff.

*Arthur C. Lehman* (*Jacob F. Fahrner,* of counsel), for defendants.

Sharpe, J. (*dissenting in part*). This is a suit to restrain the foreclosure of a real estate mortgage. On April 22, 1918, Clarence E. Glenn and Carrie B. Glenn, his wife, were owners as tenants by the entireties of a parcel of land in Putnam township, Livingston county. On that date they executed their promissory note in the amount of $10,000 to James O. White and Bessie B. White and as security for $6,000 of this note they executed a mortgage upon the above mentioned land. In October, 1918, the sum of $4,000 was paid upon the note, leaving a balance due of $6,000 secured by the mortgage.

October 15, 1919, Clarence E. Glenn borrowed $4,000 from Edwin R. Ostrander and delivered the money to his brother Fred Glenn who paid off the White mortgage. The note was surrendered to Fred Glenn and the mortgage assigned to him. Fred Glenn delivered the note to his brother Clarence E. Glenn and later assigned the mortgage to Ostrander; and about the same time Clarence E. Glenn, alone, executed a promissory note to Ostrander in the sum of $4,000. In October, 1919, Clarence E. Glenn and wife

separated and were divorced in April, 1921. In 1922, Clarence E. Glenn married Louise Glenn and she invested about $1,500 of her own money in a new home upon the property.

Ostrander died in 1928 and by order of the probate court the mortgage was assigned to his daughter, Marie C. Purchase, and her son, Edwin K. Purchase, defendants herein.

In June, 1935, defendants commenced foreclosure of the mortgage and in September, 1935, plaintiff in her own right and as administratrix of the estate of Clarence E. Glenn filed a bill to enjoin the foreclosure. The trial court dismissed plaintiff's bill of complaint upon the theory that the mortgage had not been cancelled as Clarence E. Glenn did not intend to cancel it.

Plaintiff appeals and contends that the original promissory note secured by real estate mortgage was paid by Clarence E. Glenn and that such payment was a cancellation of the mortgage; and that the assignment of the mortgage was invalidly recorded as the tax had not been paid on the obligation. The defendants contend that under the doctrine of subrogation they are entitled to the rights of the Whites, the original mortgagees, and Fred Glenn, the assignee of the Whites.

In *Smith* v. *Sprague*, 244 Mich. 577, this court said:

"Subrogation does not depend upon the contract. It is an equitable principle. 32 A. L. R. 829.

" 'It is no longer narrow and technical in its scope, but has been broadened and extended to cover particular facts and circumstances, where it is equitable that a person furnishing money to pay a debt should be substituted for the creditor or in place of the creditor. It has been called the "mode which equity adopts to compel the ultimate payment of a debt by one who in justice, equity, and good conscience ought to pay it." ' *Sherman* v. *Yankee Products Corp.*, 201 App. Div. 647 (194 N. Y. Supp. 705)."

In *Stroh* v. *O'Hearn,* 176 Mich. 164, 177, we said:

"Subrogation is an equitable doctrine depending upon no contract or privity, and proper to apply whenever persons other than mere volunteers pay a debt or demand which in equity and good conscience should have been satisfied by another. It is proper in all cases to allow it where injustice would follow its denial, and in allowing it all injustice should be guarded against so far as possible. We need not go afield in other jurisdictions for authority upon this subject; the law is well settled in this State. *Detroit Fire & Marine Ins. Co.* v. *Aspinall,* 48 Mich. 238; *Lockwood* v. *Bassett,* 49 Mich. 546; *Warner* v. *Hall,* 53 Mich. 371; *Kelly* v. *Kelly,* 54 Mich. 30; *White* v. *Newhall,* 68 Mich. 641; *Palmer* v. *Sharp,* 112 Mich. 420; *Dayton* v. *Stahl,* 132 Mich. 360; *Sproal* v. *Larsen,* 138 Mich. 142; *Taylor* v. *Roniger,* 147 Mich. 99."

See, also, *French* v. *Grand Beach Co.,* 239 Mich. 575.

The trial court found as a fact that when Fred Glenn paid the Whites the $4,000 in settlement of the $6,000 representing the balance due on the $10,000 note, gave the note to his brother Clarence E. Glenn, and assigned the mortgage to Ostrander there was no intention on the part of the interested parties that the mortgage should be discharged. We agree with this finding of the trial judge. At the time this transaction took place, the plaintiff individually was not an interested party as Clarence E. Glenn was still a married man, although not living with his wife; and later on when plaintiff married Clarence E. Glenn and invested $1,500 in the building of a house upon the property, she had constructive notice that the premises were mortgaged. There appears to be no dispute that the tax on the mortgage was paid and the mortgage properly recorded. It was

not necessary to pay a tax upon the assignment of the mortgage, nor is there any dispute that the $4,000 loaned by Ostrander has not been paid. In our opinion the facts in this case present a proper case for subrogation.

The decree of the trial court is affirmed. Defendants may have costs.

POTTER and CHANDLER, JJ., concurred with SHARPE, J.

FEAD, C. J. I concur in the result on the ground that the parties intended the mortgage to continue in force, but I do not agree that the doctrine of subrogation is pertinent.

NORTH, WIEST, BUTZEL, and BUSHNELL, JJ., concurred with FEAD, C. J.