SMITH *v.* SPRAGUE.

1. SUBROGATION—NOT DEPENDENT ON CONTRACT BUT ON EQUITABLE
   PRINCIPLES.

   Subrogation does not depend upon contract, but is the applica-
   tion of an equitable principle.

2. SAME—PROPER TO ALLOW SUBROGATION WHERE INJUSTICE WOULD
   FOLLOW DENIAL.

   It is proper in all cases to allow subrogation where injustice
   would follow its denial, but it will not be allowed to a mere
   stranger or volunteer.

3. SAME—ONE REQUESTED TO FURNISH MONEY NOT A VOLUNTEER.

   A daughter-in-law, who, at the request of her father-in-law,
   furnished the money to pay off a mortgage on land owned by
   the latter and his wife as tenants by the entireties, was not
   a volunteer.

4. SAME—WIFE'S CONSENT NOT NECESSARY WHERE MORTGAGE ON
   LAND HELD BY ENTIRETIES WAS PAID.

   A daughter-in-law, who, at the request of her father-in-law,
   furnished the money to pay off a mortgage on land owned
   by the latter and his wife as tenants by the entireties, should
   not be denied subrogation on the ground that the wife did
   not consent thereto, since said right does not depend on con-
   tract, and she had benefit equal to that received by her husband.

5. SAME—LACHES NOT A DEFENSE WHERE INEQUITABLE TO DENY
   SUBROGATION.

   While evidence of lapse of time should be considered with other
   facts and circumstances, laches will not be permitted to defeat
   subrogation where it would be inequitable to deny it.

Appeal from Oakland; Gillespie (Glenn C.), J.
Submitted October 10, 1928. (Docket No. 137, Cal-
endar No. 33,738.) Decided December 4, 1928.

Bill by Elizabeth Smith against Etta S. Sprague
for subrogation to the rights of a mortgagee of

As to right of one who advances money to another for purpose
of redeeming from sale under a mortgage to be subrogated to the lien
of the mortgage, see annotation in 23 L. R. A. (N. S.) 207.

certain real estate. From a decree for plaintiff, defendant appeals. Affirmed.

*Pelton & McGee,* for plaintiff.

*Trowbridge, Lewis & Watkins,* for defendant.

CLARK, J. Defendant and her husband, Thomas S. Sprague, owned a parcel of land in Oakland county, taking title in 1908, which has, as stated by the trial judge,

"been the subject of many mortgages executed by them, in fact there had, so to speak, been a continual round of mortgages, contemporaneous discharges of old mortgages and recording of new ones with occasional foreclosures and redemptions down to the transaction in dispute."

In October, 1919, a certain mortgage known as the Wetherbee mortgage in the principal sum of $5,000 was due and foreclosure threatened. There was another mortgage, not important here, in the principal sum of $2,000 also due Wetherbee. The owners were in financial straits and discussed plans whereby the home might be saved from the threatened sale.

On October 16, 1919, plaintiff, then Elizabeth Sprague, was decreed divorce from Emmet Sprague, son of Mr. and Mrs. Sprague, and she received alimony in gross, nearly $15,000. The father was a witness for plaintiff in that case. The relations of the parents with plaintiff, their former daughter-in-law, were friendly and continued so for a number of years after the divorce. She addressed them as father and mother, and often visited them at their home and dined with them.

On October 20, 1919, Thomas S. Sprague, as a last resort it seems, appealed to plaintiff, and pleaded that she provide needed money to pay the mortgage, saying, "We will in turn give you a mortgage." Plaintiff gave him $5,000. On October 28, 1919, he returned again seeking $4,500 on like appeal and statement and plaintiff gave him the amount, and on that day the $5,000 mortgage, at least, was discharged. Up to this point the evidence does not show defendant Mrs. Sprague actively in the matter, but on that very day, in the presence of her husband and the plaintiff, she admitted knowledge of and assent to the understanding.

A few months later Mr. Sprague gave to plaintiff his demand notes for the amount due, and he promised repeatedly and from time to time to provide the promised security. He died without having kept the promise. This bill is filed for subrogation. Plaintiff had decree with respect to the mortgage of $5,000 and subject to incumbrances created in the meantime, and defendant has appealed.

Mr. and Mrs. Thomas S. Sprague held as tenants by the entireties. The chief contentions of appellant are that Mr. Sprague is not shown to have had authority to bind his wife in promising security and subrogation, that the wife herself made no such promise, and that she did not ratify what her husband had done. While the evidence is capable of the fair inference that Mr. Sprague was authorized to act and did act for both himself and his wife, the matter is not necessary to decision. We are not here enforcing a contract. Subrogation does not depend upon contract. It is an equitable principle. 32 A. L. R. 829.

"It is no longer narrow and technical in its scope, but has been broadened and extended to cover par-

ticular facts and circumstances, where it is equitable that a person furnishing money to pay a debt should be substituted for the creditor or in place of the creditor. It has been called the 'mode which equity adopts to compel the ultimate payment of a debt by one who in justice, equity, and good conscience ought to pay it.'" *Sherman* v. *Yankee Products Corp.*, 201 N. Y. App. Div. 647 (194 N. Y. Supp. 705).

"It is proper in all cases to allow it where injustice would follow its denial." *French* v. *Grand Beach Co.*, 239 Mich. 575. It will not be allowed to a mere stranger or volunteer.

The purpose served by the evidence that plaintiff paid the money to satisfy the mortgage at the instance, promise, and request of Mr. Sprague, one of the tenants by the entireties, is that it shows that plaintiff was not a mere volunteer. 25 R. C. L. p. 1338. And it is a sufficient showing.

It was not necessary to go further and show that Mrs. Sprague, the defendant, also made like promise and request. An illustrative case is *Simonson* v. *Lauck*, 93 N. Y. Supp. 965. There one, at the request of one of four tenants in common and for his benefit, tendered to the mortgagee the full amount due under the mortgage and requested an assignment, stating that he was acting at the tenant's request, and it was held that he was not a mere volunteer to whom right of subrogation should be denied.

Another case is *Ogden* v. *Totten*, 17 Ky. Law Rep. 1390 (34 S. W. 1081). There the holders of a purchase-money lien and a mortgage lien on a homestead, after the death of the husband, threatened to sell the property, and the widow who owned but a life interest, procured one to take up the lien debts, and he was held entitled to subrogation.

In *Leser* v. *Smith,* 219 Mich. 509, plaintiff Leser owned land which was mortgaged. He conveyed it subject to the mortgage in exchange for other land. He filed bill to set aside the exchange. While the case was pending, the mortgage was foreclosed and the property sold. About 30 days before the right of redemption would expire, Leser appealed to his parents to pay the mortgage debt which they did. Leser's bill was dismissed. The parents sought subrogation. It was held that they were not volunteers and subrogation was decreed.

Defendant here had benefit equal to that received by her husband from plaintiff's money used to satisfy the mortgage debt. The trial court was right in granting subrogation.

But it is urged that plaintiff has been guilty of laches. There was a lapse of several years between the furnishing of the money and the commencement of this suit. Lapse of time alone is not generally sufficient to sustain the defense of laches. *Walker* v. *Schultz,* 175 Mich. 280. The evidence of lapse of time should be considered with other facts and circumstances of the case in determining the question. Laches will not be permitted to defeat subrogation where it would be inequitable to deny it. *Heth* v. *Oxendale,* 238 Mich. 236. The record is convincing that plaintiff furnished the money in the circumstances testified to by her. It is equitable that she be paid. Mr. Sprague is dead, which may or may not be to the disadvantage of defendant in regard hereto. On the other hand, the record shows that plaintiff was put off many times in her demands by the pleas and excuses of Mr. Sprague. And for a number of years the relation between Mr. and Mrs. Sprague and plaintiff was like that of parent and child, a circumstance to be considered. *Wright* v.

*Wright,* 37 Mich. 55. We conclude that it would be inequitable to sustain the defense of laches.

The decree is affirmed, with costs to plaintiff.

FEAD, C. J., and NORTH, FELLOWS, WIEST, MC-DONALD, POTTER, and SHARPE, JJ., concurred.