## HARTFORD ACCIDENT & INDEMNITY COMPANY v USED CAR FACTORY, INC

Docket No. 111854. Decided October 12, 1999. On application by the plaintiffs for leave to appeal, the Supreme Court, in lieu of granting leave, reversed in part the judgment of the Court of Appeals, vacated the judgment of the circuit court, and remanded the case to the circuit court for further proceedings.

Hartford Accident & Indemnity Company and Total Petroleum, Inc., brought an action in the Macomb Circuit Court against The Used Car Factory, Inc., an automobile dealer, seeking, inter alia, various sums paid to an employee of Total who was injured in an automobile accident. Hartford was Total's insurer, and Used Car had sold an automobile to the person who collided with the employee's vehicle without verifying that he had insurance. The court, George E. Montgomery, J., granted summary disposition in favor of Used Car, holding that Hartford and Total were not entitled to reimbursement. The Court of Appeals, CORRIGAN, P.J., and GRIFFIN and HOEKSTRA, JJ., affirmed in an unpublished opinion per curiam, finding *Citizens Ins Co v Buck*, 216 Mich App 217 (1996), inapplicable and that equitable subrogation was unavailable to Hartford (Docket No. 198104). The plaintiffs appeal.

In an opinion per curiam, signed by Chief Justice WEAVER, and Justices TAYLOR, YOUNG, and MARKMAN, the Supreme Court *held*:

A nonvolunteer who is required to pay a debt that is primarily owed by a third person is equitably subrogated to the rights of the subrogee. In this instance, Hartford and Total have been called upon to pay significant sums to Total's employee, and, accordingly, are entitled to pursue a claim of equitable subrogation.

1. Equitable subrogation is a legal fiction through which a person who pays a debt for which another is primarily responsible is substituted or subrogated to all the rights and remedies of the other. It is well established that the subrogee acquires no greater rights than those possessed by the subrogor, and that the subrogee may not be a mere volunteer. It is a flexible, elastic doctrine of equity, and its application should proceed on the case-by-case analysis characteristic of equity jurisprudence. The mere fact that

the doctrine has not been previously invoked in a particular situation is not a prima facie bar to its applicability.

2. In this case, the accident was caused by the negligence of the uninsured driver, the dealer's customer; thus, there is a basis upon which liability can be found. The connection between the driver and the dealer is equally simple. The owner's civil liability statute, MCL 257.401(1); MSA 9.2101(1), provides that a vehicle owner can be held liable for the negligent operation of the vehicle by a person driving with permission. While the dealer contests its ownership status, Hartford and Total adequately alleged a theory under which the dealer was the owner. On that basis, the dealer would have been liable to the injured employee of Total. Finally, Hartford and Total need to show a basis on which the cause of action can move from Total's employee to them. At this point, the doctrine of equitable subrogation becomes applicable.

Justices CAVANAGH and KELLY concurred in the result only.

Reversed in part and remanded.

Justice CORRIGAN took no part in the decision of this case.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Gail P. Massad*), for the plaintiffs-appellants.

*Secrest, Wardle, Lynch, Hampton, Truex & Morley* (by *Michael L. Updike*) for the defendant-appellee.

PER CURIAM. This civil matter was resolved when the circuit court granted summary disposition in favor of the defendant. The Court of Appeals affirmed, but we reverse in part and remand this case to the circuit court for further proceedings relating to the plaintiffs' claim of equitable subrogation.

I

In January 1990, Michael Klecha[1] bought a 1981 Datsun from The Used Car Factory, Inc. (TUCF), in

---

[1] On some documents in the file, Mr. Klecha's surname is spelled "Khacha."

Mount Clemens.[2] He told the salesperson that he was covered under an insurance policy and that he would provide proof. In fact, he was uninsured.

At the time of the purchase, an employee of TUCF filled out the Secretary of State's Form RD-108, an application for title and registration. On the basis of Mr. Klecha's representation that he was covered by a no-fault insurance policy, TUCF issued a temporary registration that was valid for fifteen days.

On the fifteenth day, Mr. Klecha was killed when he drove the car directly into the path of a tractor-trailer unit owned by Total Petroleum, Inc. The collision damaged the truck and caused significant injury to its driver, Eugene Bunt.

TUCF learned of the accident before it sent the RD-108 form. One of its employees then modified the document by adding "title only," scratching out a check in a block requesting a "new plate," as well as an entry showing the date on which the temporary registration would expire. TUCF then mailed the Form RD-108 to the Secretary of State. The Secretary of State later issued a certificate of title to Mr. Klecha.

Total Petroleum was insured by Hartford Accident, which had issued a variety of insurance, including worker's compensation and motor vehicle insurance. Following the accident, Hartford paid worker's compensation benefits to Mr. Bunt.

At that point, it was believed that Mr. Klecha had been sole owner of the Datsun at the time of the accident. Since Mr. Klecha was uninsured, Mr. Bunt filed a claim for uninsured motorist benefits under the

---

[2] Because we are reviewing a summary disposition in favor of the defendant, we accept as true the plaintiffs' allegations.

motor vehicle policy that Hartford had issued to Total. The policy evidently provided that such a claim was to be submitted to arbitration, and the matter was heard by a three-member panel in July 1992. Mr. Bunt and Hartford were the only parties to this proceeding.

In an August 1992 decision, the arbitrators unanimously awarded Mr. Bunt a total of $680,000. Of this sum, $518,833 was for lost wages[3] and the balance was for noneconomic loss, including pain and suffering.

The arbitrators also considered Hartford's argument that TUCF still owned the Datsun, and thus there *would* be coverage (under the policy covering TUCF's vehicles). Such a determination would take this case outside the realm of uninsured motorist coverage. The panel ruled, however, that there was no evidence of insurance coverage on the Datsun.

II

Hartford and Total Petroleum sued The Used Car Factory in circuit court, asserting a right of subrogation for the uninsured motorist benefits they paid. Initially, the plaintiffs' claim was in the nature of negligent entrustment—they asserted that TUCF breached a duty not to allow Mr. Klecha to take possession of the Datsun without insurance.

---

[3] The arbitrators sought to compensate for the wage loss in excess of what was covered by worker's compensation and no-fault personal protection insurance (PIP) benefits. The arbitrators also observed that, because Mr. Klecha's vehicle was uninsured, "Mr. Bunt is *not* limited to loss of actual wages as determined under the No Fault Act, but is entitled to claim loss of earning capacity."

In a second amended complaint, the plaintiffs asserted that TUCF had retained title, and thus was liable for the negligent operation of the vehicle under the owner's civil liability section of the Motor Vehicle Code. MCL 257.401(1); MSA 9.2101(1).

The file contains numerous motions for summary disposition, together with opinions and orders resolving those motions. For present purposes, it is sufficient to focus on two of these rulings. In one, the court found that title to the Datsun had not passed from TUCF to Mr. Klecha, and that TUCF thus remained the owner of the Datsun for the purpose of applying the owner's civil liability statute.

The second significant ruling came when the circuit court granted summary disposition in favor of TUCF, holding, inter alia, that Hartford and Total were not entitled under the doctrine of equitable subrogation to reimbursement of the various sums they had paid to Mr. Bunt.

Hartford and Total appealed the adverse judgment in the Court of Appeals. TUCF cross-appealed saying that it was not the owner of the Datsun. In December 1997, the Court of Appeals affirmed.[4] In doing so, the Court found inapplicable its earlier decision in *Citizens Ins Co of America v Buck*, 216 Mich App 217; 548 NW2d 680 (1996), and concluded that equitable subrogation was unavailable to plaintiff Hartford.

Hartford and Total have applied to this Court for leave to appeal.

---

[4] Unpublished opinion per curiam, issued December 9, 1997, reh den February 4, 1998 (Docket No. 198104).

III

Over the years, this Court has employed the term "equitable subrogation" in a variety of contexts. The basic concept is simple, however:

> Equitable subrogation is a legal fiction through which a person who pays a debt for which another is primarily responsible is substituted or subrogated to all the rights and remedies of the other. It is well-established that the subrogee acquires no greater rights than those possessed by the subrogor, and that the subrogee may not be a "mere volunteer." *Smith v Sprague*, 244 Mich 577, 579-580; 222 NW 207 (1928); *Foremost Life Ins Co v Waters*, 88 Mich App 599, 603; 278 NW2d 688 (1979), rev'd on other grounds 415 Mich 303; 329 NW2d 688 (1982). [*Commercial Union Ins Co v Medical Protective Co*, 426 Mich 109, 117; 393 NW2d 479 (1986) (opinion of WILLIAMS, C.J.).]

Equitable subrogation is a flexible, elastic doctrine of equity.[5] *Atlanta Int'l Ins Co v Bell*, 438 Mich 512, 521; 475 NW2d 294 (1991) (opinion of BRICKLEY, J.). Its application "should and must proceed on the case-by-case analysis characteristic of equity jurisprudence." *Id.* at 516, n 1.

More recently, the Court discussed equitable subrogation in the context of a suit involving an attorney's negligence. *Beaty v Hertzberg & Golden, PC*, 456 Mich 247, 254-255; 571 NW2d 716 (1997). In *Beaty*, this Court stated:

> One vehicle for affording relief has been the doctrine of equitable subrogation. *Atlanta Int'l, supra* at 522. This doctrine is best understood as allowing a wronged party to stand in the place of the client, assuming specific condi-

---

[5] An inquiry into the nature, scope, and elements of a remedy is, in sum, a question of law to be reviewed de novo.

tions are met. *Atlanta Int'l, supra* at 521-522. Those conditions are: (1) a special relationship must exist between the client and the third party in which the potential for conflicts of interest is eliminated because the interests of the two are merged with regard to the particular issue where negligence of counsel is alleged, (2) the third party must lack any other available legal remedy, and (3) the third party must not be a "mere volunteer," i.e., the damage must have been incurred as a consequence of the third party's fulfillment of a legal or equitable duty the third party owed to the client. *Id.* at 519-523; see also *Senters v Ottawa Savings Bank, FSB*, 443 Mich 45, 56; 503 NW2d 639 (1993), and *Ramirez v Bureau of State Lottery*, 186 Mich App 275, 285; 463 NW2d 245 (1990) (holding that equity will not interfere where a legal remedy is available); *Auto Club Ins Ass'n v New York Life Ins Co*, 440 Mich 126, 132; 485 NW2d 695 (1992), *Commercial Union Ins Co v Medical Protective Co*, 426 Mich 109, 117; 393 NW2d 479 (1986), and *Smith v Sprague*, 244 Mich 577, 579-580; 222 NW 207 (1928) (holding that equitable subrogation is not available to a "mere volunteer").

Finally, while this Court has indicated that equitable subrogation should be applied in new contexts only with caution, *Beaty* at 254, n 5, it has also been said that "the mere fact that the doctrine of subrogation has not been previously invoked in a particular situation is not a prima facie bar to its applicability," *Atlanta Int'l* at 521 (opinion of BRICKLEY, J.).

The Court of Appeals applied the doctrine of equitable subrogation in *Citizens Ins Co of America v Buck, supra*. In that case, a young bicyclist was killed by an uninsured motorist. The motorist's insurance company paid a substantial amount of money to the parents of the victim, and then sued the motorist to recover those sums. The circuit court granted the motorist's motion for summary disposition. The court concluded that the insurer's subrogation claim failed

because it was not a proper party to bring, in effect, a wrongful death action. Reversing the judgment of the circuit court, the Court of Appeals observed that "[a]n action for equitable subrogation is independent of the wrongful death act and thus is not subject to the requirements and preconditions of a wrongful death action." 216 Mich 226.

IV

This is a suit by Hartford and Total against TUCF, yet it arises from a collision involving only Mr. Klecha and Mr. Bunt. In order for Hartford and Total to establish a cause of action against TUCF, they must show a basis for liability, and they must show connections between Mr. Bunt and them, and between Mr. Klecha and TUCF.

The first step is easily shown. For present purposes, we accept the allegation that the accident was caused by the negligence of Mr. Klecha.[6] Thus there is a basis upon which liability can be found.

The connection between Mr. Klecha and TUCF is equally simple. The owner's civil liability statute provides that a vehicle owner can be held liable for the negligent operation of the vehicle by a person driving with permission. MCL 257.401(1); MSA 9.2101(1). While TUCF continues to contest its ownership status, it is presently sufficient to note that Hartford and Total adequately alleged a theory under which TUCF was the owner. On that basis, TUCF would have been liable to Mr. Bunt.

---

[6] That conclusion is supported by findings of both the arbitrators and the circuit court, and is consistent with the allegations of the plaintiffs.

Finally, Hartford and Total need to show a basis on which the cause of action can move from Mr. Bunt to them. At this point, the doctrine of equitable subrogation becomes applicable. A non-volunteer who is required to pay a debt that is primarily owed by a third person is equitably subrogated to the rights of the subrogee. In this instance, Hartford and Total have been called upon to pay significant sums to Mr. Bunt on the premise that Mr. Klecha was an uninsured motorist. This was an understandable conclusion, particularly in light of TUCF's insistence that title did pass to Mr. Klecha. Moreover, the parties do not dispute the trial court's conclusion that Hartford and Total have no remedy at law. Accordingly, Hartford and Total are entitled to pursue a claim of equitable subrogation.

For these reasons, we reverse in part the judgment of the Court of Appeals and vacate the judgment of the circuit court, and we remand this case to the circuit court for further proceedings consistent with this opinion.[7] MCR 7.302(F)(1).

WEAVER, C.J., and TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

CAVANAGH and KELLY, JJ., concurred in the result only.

CORRIGAN, J., took no part in the decision of this case.

---

[7] With regard to the other issues raised by the parties, we are not persuaded that those questions should now be addressed by this Court.