**In re Kay Lorraine LEWIS, Debtor.**

**James W. Boyd, Chapter 7 Trustee, Plaintiff,**

**v.**

**Superior Bank FSB, Kay Lorraine Lewis, Ronald C. Bigger and Jessica L. DePeel, Defendants.**

**Bankruptcy No. ST 00–03660. Adversary No. 00–88404.**

United States Bankruptcy Court, W.D. Michigan.

Nov. 15, 2001.

Kay Lorraine Lewis, Mancelona, MI, pro se.

James W. Boyd, Zimmerman Kuhn Darling Boyd, Taylor & Quandt, PLC, Traverse City, MI, for trustee.

James W. Batchelor, Grand Rapids, MI, for creditor.

## OPINION

JO ANN C. STEVENSON, Bankruptcy Judge.

This matter comes before the Court on Trustee's Motion for Partial Summary Judgment as to Count I of the Complaint and Superior Bank's Motion for Summary Judgment as to All Counts. The principal issue before this Court is whether Superior Bank received preferential treatment under 11 U.S.C. § 547 or whether it is an equitable subrogee of Empire National Bank.

The claims presented in this adversary proceeding arise in a case referred to this Court by the Standing Order of Reference entered by the United States District Court for the Western District of Michigan on July 24, 1984. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) and (F). Accordingly, the Bankruptcy Court is authorized to enter a final judgment subject to the appeal rights afforded by 28 U.S.C. § 158 and Fed. R. Bankr.P. 8001 et seq.

The following constitutes the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr.P. 7052. In reaching its determinations, this Court has considered the parties' oral arguments, pleadings and briefs.

## Facts

Kay Lorraine Lewis (Lewis or Debtor) first acquired certain real property on or around December 11, 1998 with funds borrowed from Empire National Bank. On July 22, 1999, Lewis transferred the property by quit claim deed to her son, Roger Bigger (Bigger) and his fiancee, Jessica DePeel (DePeel).

Lewis refinanced the property with Superior Bank (Superior) on September 9, 1999. As required by the Bank's insurer, Bigger and DePeel transferred the property back to Lewis with a quit claim deed prior to the closing. Lewis gave Superior a promissory note in the amount of $57,400.00 and a mortgage signed by herself, Bigger and DePeel. Superior waited until April 17, 2000 to record the mortgage. Lewis filed her Chapter 7 bankruptcy on May 4, 2000.

The Trustee claims that Superior's recording of the mortgage 17 days prior to the bankruptcy filing constitutes a preference under 11 U.S.C. § 547 and should be preserved for the benefit of the bankruptcy estate under 11 U.S.C. § 541.

## Summary Judgment Standard

Summary Judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Bankr.P. 7056. The summary judgment rule requires that the disputed facts be material, that is, facts which are defined by substantive law and are necessary to apply the law. The rule also requires that the dispute be genuine. A dispute is genuine if a reasonable jury could return a judgment for the nonmoving party. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "Only disputes over the facts that might affect the outcome of the suit under the governing law will preclude the entry

of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The court must draw all inferences in a light most favorable to the nonmoving party but the court may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Agristor Financial Corp. v. Van Sickle,* 967 F.2d 233, 236 (6th Cir.1992) (quoting *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

*Equitable Subrogation*

■ Superior seeks to invoke the state law doctrine of equitable subrogation as a defense to the Trustee's avoidance action.[1] Originating in equity but applied equally in cases at law, subrogation operates on the principle that substantial justice should be attained regardless of form.

■ Equitable subrogation is a legal fiction through which a person who pays a debt for which another is primarily responsible is substituted or subrogated to all the rights and remedies of the other. It is used only in extreme cases bordering on, if not reaching the level of fraud. *Rouse v. Chase Manhattan Bank, U.S.A., N.A.(In re Brown),* 226 B.R. 39 (W.D.Mo.1998).

■ Under Michigan law it is well-established that the subrogee acquires no greater rights than those possessed by the subrogor, and that the subrogee may not be a "mere volunteer." *Hartford Accident & Indemnity Co. v. Used Car Factory, Inc.,* 461 Mich. 210, 215, 600 N.W.2d 630 (1999) (quoting *Smith v. Sprague,* 244 Mich. 577, 579–80, 222 N.W. 207 (1928));

*Foremost Life Insurance Co. v. Waters,* 88 Mich.App. 599, 603, 278 N.W.2d 688 (1979), rev'd on other grounds, 415 Mich. 303, 329 N.W.2d 688 (1982).

■ In essence, Superior is asking the Court to use its equitable powers to override the fact that it perfected its lien within the preference period. But the Bankruptcy Court's equitable powers are not unlimited and are not a license for the Court to disregard the clear language and meaning of the bankruptcy statutes and rules.

There are no allegations of fraud or misrepresentation in this case. Nor does Superior maintain that it was "compelled" to execute the refinancing agreement. To allow Superior to succeed in its claim of equitable subrogation in order to circumvent the Trustee's preference claim would render 11 U.S.C. § 547 effectively useless in a refinancing situation. Superior voluntarily gave the Debtor a loan. Unfortunately, it was not diligent in recording its interest. Superior bears the responsibility for the status of its own lien and may not invoke the protection of Empire National Bank's recorded mortgage.

*Preference*

Under 11 U.S.C. § 547(b) a trustee may avoid a transfer of a debtor's interest in property made within 90 days of bankruptcy that effectively "prefers" one creditor over another. The granting of a security interest, the mortgage given to Superior by Lewis, Bigger and DePeel, constitutes a "transfer" of the Debtor's interest in property. See 11 U.S.C. § 101(54). If, however, a security interest is given to finance a debtor's purchase of property, 11 U.S.C. § 547(c)(3)(B) provides an exception to a trustee's avoiding power so long as the

---

1. State law subrogation, although deriving from similar considerations, is distinguishable from statutory subrogation under § 509(a) of the Bankruptcy Code, which grants the right of subrogation to a co-debtor or guarantor of the debtor who has paid the creditor's claim.

security interest "is perfected on or before 20 days after a debtor receives possession of such property." 11 U.S.C. § 547(c)(3)(B).

Superior failed to comply with the requirements of § 547(c)(3)(B) so as to preclude avoidance under federal bankruptcy law. For these reasons, the Court holds that Superior, by delaying perfection of its own mortgage beyond the 20 day enabling loan provision of § 547(c)(3)(B), received a preference that is avoidable by the Trustee under 11 U.S.C. § 547(b).

Consequently, we find that the doctrine of equitable subrogation is not applicable in a bankruptcy case, when to apply it would directly circumvent the result intended by the Code. Accordingly, the lien of Superior Bank should be set aside as a voidable preference.

*The Remaining Arguments and Counts*

Superior also argues that the Trustee had actual notice of the mortgage two weeks prior to the bankruptcy filing and therefore, as a subsequent bona fide purchaser, cannot deny his constructive knowledge. However, the Trustee had, as of the commencement of the case, not only the rights of a bona fide purchaser under 11 U.S.C. § 544(a)(3), but also the rights and powers of a hypothetical judicial lien creditor. As stated in 11 U.S.C. § 544(a)(1):

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract

could have obtained such a judicial lien, whether or not such a creditor exists.

Thus, as of the date of filing, a trustee is deemed to have a lien on all lienable property of the debtor. A Trustee's hypothetical lien is inferior to any existing perfected lien at the time the petition is filed, but senior to any unperfected lien. Since Superior's lien can not be equitably subrogated to the lien of Empire National Bank and the perfection of Superior's lien occurred within the preference period and is avoidable, Superior is deemed to have no perfected lien as of the date of bankruptcy. Consequently, the Trustee's hypothetical lien is senior to Superior's unperfected lien.

As to Counts II and III of the Trustee's Complaint, we are unable to make a determination at this time due to the existence of material factual disputes between the parties.

We also find that Superior does not have standing to request the Court to grant relief as to Count IV of the Complaint because that claim is against Lewis, Bigger and DePeel, the individual defendants in this case, not Superior.

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that for reasons stated in the attached Opinion:

1. The Trustee's Motion for Partial Summary Judgment as to Count I of the Complaint is GRANTED.

2. Superior Bank's Motion for Summary Judgment as to All Counts is DENIED.

IT IS FURTHER ORDERED that this Opinion and Order shall be served by first-class United States mail, postage pre-paid upon James W. Boyd, Esq., Kelly M. Hagan, Esq., Superior Bank, Walter J. Rus-

sell, Esq., Kay Lorraine Lewis, Roger C. Bigger and Jessica L. DePeel.